IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGEL ORNELAS, Inmate #K-76593, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 03-591-GPM |
| | ) |
| EUGENE McADORY, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, currently an inmate in the Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he was not required to tender an initial partial filing fee.

This case now is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is frivolous and, thus, subject to summary dismissal.

In this case, Plaintiff alleges that Defendants have conspired to keep him in custody, despite his belief that he had served his entire two-year sentence as of November 16, 2002;[1] he seems to dispute the Department's calculation of his good conduct credit, much of which apparently was lost when he returned to custody on a parole violation in 2000. For this unlawful custody, Plaintiff seeks $1.5 million in damages, in addition to additional damages of $500 for each day of his unlawful incarceration. He also seeks criminal prosecution of Defendants for their actions.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994).

---

[1] According to the I.D.O.C. website, Plaintiff (who is listed there as Angel Arnelas, Inmate #K76593) is currently serving three separate two-year sentences; none of these sentences has been fully discharged. Two of those sentences were the result of convictions in Cook County, Illinois, for possessing a firearm in or near a school (Case No. 98CR1927301) and for domestic battery (Case No. 99CR1427801). The third two-year sentence was the result of a more recent conviction in Randolph County, Illinois, for aggravated battery of a correctional employee (Case No. 2003CF165). Plaintiff's projected parole date is July 27, 2005, with a projected release from parole on July 27, 2006. *See* http://www.idoc.state.il.us/, accessed May 5, 2005.

> The reasoning of *Heck v. Humphrey* is that a prisoner should not be able to use a suit for damages to get around the procedures that have been established for challenging the lawfulness of continued confinement. It is irrelevant whether the challenged confinement is pursuant to a judgment imposing a sentence or an administrative refusal to shorten the sentence by awarding good-time credits.

*Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996). *See also Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (*Bivens* suit seeking damages for alleged miscalculation of federal prisoner's sentence barred by *Heck*); *Rooding v. Peters*, 92 F.3d 578, 580-81 (7th Cir. 1996) (suit for damages under § 1983 for miscalculation of sentence credits did not accrue until plaintiff prevailed in state mandamus action).

Plaintiff may challenge his conviction in a habeas corpus action pursuant to 28 U.S.C. § 2254, but only after he has presented all of his claims to the Illinois courts. Ordinarily, this will involve raising every issue at trial or in a post-conviction motion and appealing any adverse decisions to the Illinois Appellate Court and the Illinois Supreme Court.

Accordingly, Plaintiff has not presented a viable constitutional claim, and this action is **DISMISSED without prejudice** to Plaintiff bringing his claims in a habeas corpus action, but only after he has exhausted his state court remedies.

The Clerk of Court is **DIRECTED** to **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

DATED: 05/31/05

s/ G. Patrick Murphy<br>
G. PATRICK MURPHY<br>
Chief United States District Judge